UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| SOLOMON DANIEL | ) | CIVIL ACTION NO. |
|     Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| MIDLAND FUNDING, LLC   . | ) | |
|     Defendant | ) | SEPTEMBER 11, 2013 |
| _____ ____ | ) | |

## COMPLAINT

1.    This is a suit brought by a consumer under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* against Midland Funding, LLC ("Midland").   Plaintiff also includes pendent state law claims Midland's violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat § 42-110a *et seq.* and the Connecticut Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645 *et seq.*

2.    Plaintiff, Solomon Daniel, is a consumer residing in New Britain, Connecticut.

3.    Midland is a Delaware limited liability company with a principal place of business in California.  It is engaged in the business of buying and collecting upon defaulted debt, and it is a "debt collector" as defined by the FDCPA and a "creditor" as defined by the CCPA.

4.    Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692 and 28 U.S.C. § 1367.

5.    This Court has jurisdiction over Midland because it regularly collects debts in Connecticut.

6.      Venue is proper because Plaintiff resides in Connecticut and because the conduct alleged herein occurred in this state.

7.      On or around February 20, 2013, Midland, through its attorneys, Law Offices of Howard Lee Schiff ("HLS"), commenced a civil action (the "Collection Action") in the Connecticut Superior Court, Small Claims Docket (the "Court").

8.      HLS acted at all times as Midland's attorney, agent, and authorized representative.

9.      Plaintiff received notice of the Collection Action from the Court.

10.     The notice from the Court indicated that if Plaintiff failed to file an answer by March 19 (the "Answer Date"), a judgment could enter against him without a hearing.

11.     Plaintiff called HLS in an attempt to resolve the Debt and the Collection Action.

12.     Plaintiff spoke with an employee of HLS, who offered to accept $2,303 (the "Settlement Amount") in full settlement of the Debt.

13.     Plaintiff accepted the offer and agreed to pay the Settlement Amount in order to resolve the Debt and the Collection Action.

14.     The HLS representative with whom Plaintiff spoke stated that Plaintiff should wait to receive a letter in the mail with payment instructions before making a payment.

15.     The HLS representative also told Plaintiff that HLS would withdraw the Collection Action after it received the Settlement Amount.

16.     In early March, Plaintiff received a letter from HLS stating that "Your offer of settlement has been approved by [Midland]" and informed him that he had to pay the

Settlement Amount by March 27, 2013 (the "Payment Deadline") or Midland would seek the entire Debt.

17.     Plaintiff became concerned that the Answer Date was earlier than the Payment Deadline and that, if he waited until the Payment Deadline, a judgment might enter against him.

18.     Desiring to avoid the entry of judgment, Plaintiff called HLS on or about March 15.

19.     The HLS representative with whom Plaintiff spoke said that Midland would not withdraw the action until after Plaintiff paid Settlement Amount.

20.     Fearing that judgment would enter, Plaintiff authorized a telephonic ACH debit payment for the Settlement Amount on March 15, 2013.

21.     After Plaintiff gave his payment information, the HLS representative confirmed that HLS would withdraw the Collection Action.

22.     HLS subsequently sent Plaintiff a written confirmation that the ACH debit payment would process on or after March 18, 2013.

23.     HLS received payment of the Settlement Amount on or about March 18, 2013.

24.     Notwithstanding the promises made by HLS that the Collection Action would be withdrawn upon receipt of payment, Midland did not withdraw the Collection Action at the time that it received the Settlement Amount and it did not notify the Court that the Collection Action had been settled prior to March 28, 2013.

25.     On or about March 28, 2013, the Court entered judgment against Plaintiff in the Collection Action for $3,195.32 in damages and $93.50 in costs.

26.     Plaintiff received notice of the judgment on or about April 1, 2013, and he contacted HLS and inquired why judgment had entered after he had paid the agreed upon settlement amount.

27.     The HLS representative with whom Plaintiff spoke stated that HLS only reports settlements in its cases to the courts every 30 days, and, since the next 30 day cycle had not yet passed in Plaintiff's case, HLS did not report that the Collection Action.

28.     On or around April 23, 2013, Plaintiff contacted HLS again and spoke with a representative who identified herself as Ruth Alvarez.

29.     Plaintiff asked Alvarez if HLS would take steps to remove the judgment, and Alvarez responded that there was nothing that could be done.

30.     This statement was false and deceptive, because Midland and HLS had the ability to file a motion to open the judgment.

31.     On or about June 18, 2013, Plaintiff sent a letter to Schiff requesting that it ask the Court to vacate the judgment.

32.     On or about June 25, 2013, Attorney Jeanine Dumont sent a letter to Plaintiff in response to his letter.  In her letter, Attorney Dumont falsely stated that payment had not been received until April, after the Payment Deadline and after the Answer Date.

33.     Additionally, rather than respond directly to the request that HLS ask the Court to vacate the judgment in the Collection Action, Attorney Dumont said that because a satisfaction of judgment had been provided, there was no longer an unsatisfied judgment pending against him.

4

34. The entry of judgment has caused Plaintiff harm, because the judgment is being reported on his consumer credit reports by TransUnion. This is the only public record that is on Plaintiff's report.

35. Because of Midland's failure and refusal to vacate the judgment, it became necessary for Plaintiff to engage his own legal counsel to appear in the collection action to move to open the judgment.

36. Although Plaintiff was successful in moving to open the judgment against him, he has incurred fees and court costs in doing so.

37. The FDCPA was enacted because "existing laws and procedures for redressing [consumer] injuries are inadequate to protect consumers." FDCPA § 1692(b).

38. Midland violated the FDCPA § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, as described above.

39. Midland violated the FDCPA § 1692e by making false, deceptive or misleading representations in connection with the collection of the alleged debt. Specifically, HLS, acting as an agent for Midland, misrepresented its intentions to withdraw the lawsuit after receipt of payment in order to induce Plaintiff to promptly pay the Debt.

40. Midland's conduct as aforedescribed also violated the CCPA, and Plaintiff has been harmed by that violation in that his consumer credit report reflects the court judgment and he has incurred attorney's fees and court costs in vacating the judgment in the Collection Action.

41.     Midland's conduct also constitutes unfair and deceptive acts in violation of CUTPA that have caused Plaintiff ascertainable losses in that his consumer credit report reflects the court judgment and he has incurred attorney's fees and court costs in vacating the judgment in the Collection Action.

WHEREFORE, the Plaintiff claims actual damages, additional damages of up to $1,000 pursuant to 15 U.S.C. § 1692k(a); additional damages of up to $1,000 pursuant to Conn. Gen. Stat. § 36a-648, punitive damages, attorney's fees and costs.

PLAINTIFF SOLOMON DANIEL

By: /s/ Daniel S. Blinn
    Daniel S. Blinn (ct02188)
    Hailey R. Gallant (ct29150)
    Consumer Law Group, LLC
    35 Cold Spring Rd, Suite 512
    Rocky Hill, CT  06067-9997
    dblinn@consumerlawgroup.com
    hgallant@consumerlawgroup.com
    Tel (860) 571-0408
    Fax (860) 571-7457